# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Kenosha Beef International, Ltd., dba Sunset Orchards/Richland Hills, | Case No: |
| Plaintiff | **PLAINTIFF'S COMPLAINT** |
| v. | |
| H. Brooks & Company, LLC, | |
| Defendant | |

## COMPLAINT

Plaintiff, Kenosha Beef International, Ltd., dba Sunset Orchards/Richland Hills, a Wisconsin limited corporation (hereinafter "Plaintiff"), for its Complaint against Defendant H. Brooks & Company, LLC, a Minnesota limited liability corporation (hereinafter "Defendant") alleges:

## JURISDICTION AND VENUE

1. Subject matter jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5) (hereafter "the PACA"), 28 U.S.C. §1331 and 28 U.S.C. §2201.

2. This Court has supplemental jurisdiction over the Plaintiff's remaining claims pursuant to 28 U.S.C. §1367.

3. Venue in this District is based on 28 U.S.C. §1391 in that (a) Plaintiff's claims arose in this District and (b) Defendant's principal place of business is in this District.

## PARTIES

4. Plaintiff, a Wisconsin limited corporation with its principal place of business in Kenosha, Wisconsin is engaged in the business of selling wholesale quantities

1

of perishable agricultural commodities, primarily apples ("Produce"), in interstate commerce and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the PACA as a dealer. Plaintiff's PACA License information is attached as Exhibit A.

5. Defendant, a Minnesota limited liability corporation with a principal place of business in New Brighton, Minnesota, and was at all times pertinent herein, a purchaser of wholesale quantities of Produce subject to the provisions of the PACA and licensed thereunder as a dealer. Defendant's PACA License information is attached as Exhibit B.

## GENERAL ALLEGATIONS

6. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 Amendment to Section 5 of the PACA, 7 U.S.C. § 499e(c).

7. From January 16, 2020 to April 9, 2021, Plaintiff sold and delivered to Defendant wholesale quantities of Produce, which has been moved in interstate commerce, in the amount of $472,850.25. Plaintiff's invoices are attached hereto as Exhibit C.

8. Defendant accepted the Produce from Plaintiff.

9. At the time of Defendant's receipt of the Produce, Plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all Produce or Produce-related assets, including all funds comingled with funds from other sources and all assets procured by such funds, in the possession or control of the Defendant since the creation of the trust.

10. Plaintiff preserved its interest in the PACA trust in the amount of $472,850.25 by sending invoices at the time of each delivery to Defendant that contained the language required by 7 U.S.C. §499e(c)(4) and remains a beneficiary until full payment is made for the Produce. *See* Exhibit C.

11. Defendant has not disputed the debt in any way and has failed to make payment to Plaintiff in accordance with the trust provisions of the PACA.

12. The PACA requires Defendant to make prompt payments to Plaintiff for all perishable agricultural commodities sold, pursuant to 7 U.S.C. §499b(4).

13. Defendant's failure, refusal, and inability to pay Plaintiff the undisputed amount owed to Plaintiff demonstrates that Defendant is failing to maintain sufficient assets in the statutory trust to pay Plaintiff and is dissipating trust assets.

## COUNT ONE
## (FAILURE TO PAY TRUST FUNDS)

14. Plaintiff incorporates each and every allegation set forth in Paragraphs 1 to 13 above as if fully set forth herein.

15. The failure of Defendant to make payment to Plaintiff of trust funds in the aggregate amount of $472,850.25 from the statutory trust is a violation of PACA and PACA regulations and is unlawful.

WHEREFORE, Plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $472,850.25 to Plaintiff.

## COUNT TWO
## (FAILURE TO PAY FOR GOODS SOLD)

16. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 15 above as if fully set forth herein.

17. As a PACA trustee, Defendant was required to submit full payment promptly to their unpaid produce suppliers and sellers, including Plaintiff.

18. Defendant failed and refused to pay Plaintiff an amount of $472,850.25 owed to Plaintiff for goods received by Defendant from Plaintiff.

WHEREFORE, Plaintiff requests judgment in the amount of $472,850.25 against the Defendant.

## COUNT THREE
### (UNLAWFUL DISSIPATION OF TRUST ASSETS)

19. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 18 above as if fully set forth herein.

20. Defendant has failed to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the Produce it supplied, pursuant to 7 C.F.R. §46.46(d)(1).

21. Defendant's failure to maintain PACA trust assets and pay Plaintiff for the Produce it supplied was an unlawful dissipation of trust assets. *See* 7 U.S.C. §499b; 7 C.F.R. §46.46(d)(1).

22. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the Produce trust and has been denied payment for the Produce it supplied.

WHEREFORE, Plaintiff requests judgment against Defendant in the amount of $472,850.25.

## COUNT FOUR
### (PACA VIOLATION – FAILURE TO MAINTAIN TRUST)

23. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 22 above as if fully set forth herein.

24. Plaintiff and Defendant entered into a series of transactions involving Plaintiff's sale and Defendant's purchase of Produce between January 2020 and April 2021 (the "Sales Period"), each of which are identified in the attached Exhibit C.

25. PACA requires Defendant, as PACA trustee, to hold the PACA Trust Assets in trust for Plaintiff's benefit, and any unpaid produce sellers and suppliers that possess valid PACA trust claims, until all have received full payment.

26. During the Sales Period, Defendant lacked the liquidity or free cash flow to pay Plaintiff for the Produce transactions identified in Exhibit C, a violation of its PACA obligations.

27. During the Sales Period, Defendant's PACA trust assets were not freely available to satisfy its outstanding obligation to the Plaintiff.

28. The matters and actions or inactions alleged in this Count Four constitute violations by Defendant of the PACA trust found in 7 U.S.C. §499e(c).

29. As a direct result of Defendant's actions and inactions, Plaintiff has incurred damages in the current aggregate amount totaling $472,850.25 plus further interest.

WHEREFORE, Plaintiff requests judgment in the amount of $472,850.25, plus interest against the Defendant.

## COUNT FIVE
## (BREACH OF CONTRACT)

30. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 29 above as if fully set forth herein.

31. Plaintiff and Defendant entered into various contracts referenced in the attached Exhibit C.

32. In each contract, Plaintiff agreed to sell Produce to Defendant and Defendant agreed, *inter alia*, to purchase Produce from Plaintiff.

33. Plaintiff delivered conforming goods to Defendant and has otherwise satisfied all conditions of said contracts.

34. Defendant have failed and refused to pay, and continue to fail and refuse to pay, for each shipment of Produce referenced in the attached Exhibit C, which constitutes a breach of the agreements between the parties.

35. As a direct and proximate result of the Defendant's failure to pay for each shipment of Produce identified in Exhibit C, Plaintiff has incurred damages in the current aggregate amount totaling $472,850.25 plus interest.

WHEREFORE, Plaintiff respectfully requests that the Court:

(a) Award Plaintiff damages in the amount of $472,850.25 against Defendant and enter judgment in that amount;

(b) Award Plaintiff its costs;

(c) Award Plaintiff prejudgment and post-judgment interest as allowed by law; and

(d) Grant Plaintiff such other and further relief as the Court deems proper.

DATED: May 12, 2021

    Respectfully submitted,

    Carpenter Law Firm PLLC

    */s/ Mark J. Carpenter*
    Mark J. Carpenter (MN Bar No. 0252189)
    Admitted in USDC Minnesota
    7760 France Ave. South #700
    Bloomington, MN 55435
    (952) 921-7340
    mark@carpenter-law-firm.com

    -and-

    Blakeley LLP

    */s/ Scott E. Blakeley*
    Scott E. Blakeley (CA Bar No. 141418)
    18500 Von Karman Ave., Suite 530
    Irvine, CA 92612
    Telephone (949) 260-0611
    SEB@BlakeleyLLP.com

    *Counsel for Plaintiff Kenosha Beef International, Ltd. dba Sunset Orchards/Richland Hills*